UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| CHERYL HANNAH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 10-CV-0255-CVE-FHM |
| TCIM SERVICES, INC. and AT&T SERVICES, INC., | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court are Defendant, TCIM Services, Inc.'s, Motion for Partial Dismissal of Plaintiff's Second Amended Complaint, with Brief in Support (Dkt. # 20) and Defendant, AT&T Services, Inc.'s, Motion for Partial Dismissal of Plaintiff's Second Amended Complaint, with Brief in Support (Dkt. # 22). Defendants TCIM Services, Inc. (TCIM) and AT&T Services, Inc. (AT&T) ask the Court to dismiss plaintiff's intentional infliction of emotional distress claim. Plaintiff responds that she has adequately pled a claim of intentional infliction of emotional distress.

**I.**

Plaintiff Cheryl Hannah is a 54 year old female who alleges that she was employed by TCIM as a customer service representative from September 8 to November 7, 2008. Dkt. # 16, at 3. She claims that AT&T used TCIM employees to work accounts for customers of AT&T and she worked on one of the AT&T accounts handled by TCIM. Id. Plaintiff alleges that an AT&T Channel Manager, Sandra Meredith, did not want plaintiff to work on AT&T accounts and claimed that plaintiff had "inferior product knowledge." Plaintiff claims that younger female and male

employees received preferential treatment from Meredith, even though many of these younger employees had less experience and were not as qualified as plaintiff. Id. at 4.

Plaintiff alleges that a male co-worker, Simon, "repeatedly and chronically touched, patted, and/or squeezed [p]laintiff in an unwanted, impermissible, and inappropriate fashion, coming into physical contact with [p]laintiff nearly every time he walked by her." Id. She states that she reported Simon's conduct to her Sales Managers Mason Thatcher and Larry Gardner, but that they allegedly took no action to stop the harassment or move plaintiff into a workspace farther away from Simon. Id. She claims that she also reported Simon's conduct to TCIM/AT&T Vendor Liason Ashley Ellis, but that Ellis also made no attempt to stop Simon's harassment of plaintiff. Plaintiff's employment was terminated on November 7, 2008, and she was told that inappropriate use of the telephone was the reason for her termination. Plaintiff claims that this reason was pretext for age and gender discrimination, because she used her telephone as directed by TCIM and was more productive than her male co-workers and her younger co-workers.

On April 21, 2010, plaintiff filed this case alleging that TCIM and AT&T discriminated against her. In her second amended complaint, plaintiff asserts three claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), based on theories of gender discrimination (Count I), hostile work environment (Count II), and retaliation (Count III). She also asserts state law claims of wrongful termination in violation of an Oklahoma public policy (Count IV), tortious interference with contract (Count V), and intentional infliction of emotional distress (Count VI). In a separate case, Ron Bacon et al. v. TCIM Services, Inc. et al., Case No. 09-CV-777-CVE-FHM (N.D. Okla.), three former TCIM employees are seeking to certify a class of similarly-situated former TCIM employees who allege, inter alia, that TCIM discriminated against them based

2

on their age. Plaintiff states that "she is a member of the plaintiff class" in Bacon and she will pursue an age discrimination claim against TCIM and AT&T in the putative Bacon class action.[1]

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without

---

[1] The Court notes that a class certification hearing in Bacon is set for January 24, 2012, and no class has been certified in that case.

supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendants ask the Court to dismiss plaintiff's intentional infliction of emotional distress claim, because she has not adequately alleged that defendants engaged in extreme and outrageous behavior. Dkt. # 20, at 4; Dkt. # 22, at 4. Plaintiff recognizes that Oklahoma court do not typically allow a plaintiff to pursue a claim of intentional infliction of emotional distress concerning "ordinary employment decisions," but she asserts that the law of other states and decisions by federal courts applying the law of other states suggest that plaintiff has stated a plausible claim. Dkt. # 23, at 6.

Oklahoma courts have recognized a cause of action for intentional infliction of emotional distress, also known as the tort of outrage. See Gaylord Entertainment Co. v. Thompson, 958 P.2d 128, 149 (Okla. 1998). The action is governed by the narrow standards laid out in the Restatement Second of Torts, § 46. Id. In Breeden v. League Services Corp., 575 P.2d 1374 (Okla. 1978), the Oklahoma Supreme Court explained:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

Id. at 1376. To state a claim, a plaintiff must allege that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Schovanec v. Archdiocese of Oklahoma City, 188 P.3d 158, 175 (Okla. 2008) (quoting Computer

Publ'ns, Inc. v. Welton, 49 P.3d 732, 735 (Okla. 2002)). Under Oklahoma law, the trial court must assume a "gatekeeper role" and make an initial determination that the defendant's conduct "may be reasonably regarded as sufficiently extreme and outrageous to meet the Restatement § 46 standards." Trentadue v. United States, 397 F.3d 840, 856 n.7 (10th Cir. 2005) (applying Oklahoma law). If reasonable persons could reach differing conclusions in the assessment of the disputed facts, the Court should submit the claim to the jury to determine whether the defendant's conduct could result in liability. Id. The Court is to make a similar threshold determination with regard to the fourth prong, the presence of severe emotional distress. Id.

In cases arising out of the workplace, Oklahoma appellate courts have found that a defendant engaged in extreme and outrageous conduct only when that defendant intentionally and persistently engaged in a course of conduct that harmed the plaintiff. See Computer Publ'ns, 49 P.3d at 736 (claim should have been submitted to a jury when plaintiff presented evidence that harassment lasted more than two years and caused plaintiff to quit her job, move, and repeatedly change phone numbers); Miner v. Mid-America Door Co., 68 P.3d 212 (Okla. Civ. App. 2002) (employer's alleged failure to reassign the plaintiff after learning of workplace harassment, even if unreasonable, was not extreme and outrageous); Gabler v. Holder & Smith, Inc., 11 P.3d 1269 (Okla. Civ. App. 2000) (noting that workplace harassment rarely rises to the level of extreme and outrageous conduct); Mirzaie v. Smith Cogeneration, Inc., 962 P.2d 678 (Okla. Civ. App. 1998) (employer's conduct was not extreme and outrageous when, inter alia, the plaintiff's manager made derogatory sexual remarks about the plaintiff, woke plaintiff up in the middle of the night to do unnecessary work, and terminated him two hours before his wedding); Zahorsky v. Community Nat'l Bank of Alva, 883 P.2d 198 (Okla. Civ. App. 1994) (employer not liable for intentional infliction of emotional distress

5

when an employee forced the plaintiff to have sex with him and employer failed to fire the employee, even though the employer allegedly knew about the conduct).

The Court finds that plaintiff's intentional infliction of emotional distress claim should be dismissed.[2] Plaintiff alleges that a co-worker, Simon, "repeatedly and chronically touched, patted, and/or squeezed [her] in an unwanted, impermissible, and inappropriate fashion," and her supervisors failed to remedy the problem. Dkt. # 16, at 4. She also claims that she was subject to unlawful employment discrimination in the form of a hostile work environment, retaliation, and wrongful termination, and that this supports her claim for intentional infliction of emotional distress. Id. While plaintiff is correct that there is not a blanket prohibition against claims of intentional infliction of emotional distress for workplace conduct, plaintiff must still allege a plausible claim of intentional infliction of emotional distress that would be recognized under Oklahoma law. Focusing on defendants' alleged conduct, there is no basis to find that defendants engaged in extreme and outrageous conduct. See Miner, 68 P.3d at 223-24 (employee could not state claim for intentional infliction of emotional distress even if it was assumed that his employer failed to reassign the employee to a new position in a timely and reasonable manner to prevent alleged harassment). At most, plaintiff's allegations suggest that defendants were aware of alleged sexual harassment and did not take adequate steps to remedy the improper conduct. Plaintiff alleges that Simon, a non-supervisory co-worker, sexually harassed her for about two months, but this would

---

[2] Plaintiff asks the Court to consider decisions from other state courts and federal courts outside of Oklahoma to determine if she has stated a claim for intentional infliction of emotional distress. The Court has reviewed the decisions of the Oklahoma Supreme Court, the Oklahoma Court of Civil Appeals, and the decisions of the Tenth Circuit and other federal courts sitting in Oklahoma, and it is unnecessary to consider the law of other jurisdictions due to the numerous judicial decisions defining the parameters of an intentional infliction of emotional distress claim under Oklahoma law.

not show that defendants' conduct was extreme and outrageous. Plaintiff requests leave to file a third amended complaint re-alleging her intentional infliction of emotional distress claim, but such an amendment would not survive a motion to dismiss and would be futile.

**IT IS THEREFORE ORDERED** that Defendant, TCIM Services, Inc.'s, Motion for Partial Dismissal of Plaintiff's Second Amended Complaint, with Brief in Support (Dkt. # 20) and Defendant, AT&T Services, Inc.'s, Motion for Partial Dismissal of Plaintiff's Second Amended Complaint, with Brief in Support (Dkt. # 22) are **granted**.

**DATED** this 2nd day of June, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT